**In re William Martin TREMBULAK, Debtor.**

**No. 06–19993 (MBK).**

United States Bankruptcy Court, D. New Jersey.

Feb. 6, 2007.

William H. Oliver, Jr., Esq., Asbury Park, NJ, for Debtor.

### MEMORANDUM AND ORDER

MICHAEL B. KAPLAN, Bankruptcy Judge.

William Martin Trembulak ("Debtor") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on October 16, 2006. On December 28, 2006, the Bankruptcy Court Clerk issued a Notice of Deficiency for Financial management Course Certificate ("Certificate"), indicating that

the case would be closed without a discharge being issued unless the Certificate were filed by January 29, 2007. Thereafter, in response to the Notice, Debtor's counsel filed a Certification in Opposition, stating that the Debtor had passed away on November 16, 2006, and requesting the case not be closed without the issuance of a discharge. A hearing was held on January 22, 2007 and this opinion follows.

## DISCUSSION

For bankruptcy cases filed after October 17, 2005, certain new requirements are imposed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Included are the following requirements for education both before and after the filing of a bankruptcy Petition:

*Mandatory Prebankruptcy Credit Counseling*

An individual is ineligible to be a debtor under Title 11 unless, within 180 days preceding the filing, the debtor received from an approved, nonprofit budget and credit counseling agency a briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. 11 U.S.C. § 109(h)(1).

*Mandatory Postfiling Financial Management Course*

BAPCPA requires an individual debtor to complete an instructional course concerning personal financial management after filing the Petition in order to obtain a discharge in a Chapter 7 case. 11 U.S.C. Section 727(a)(11). An individual who fails to complete an instructional course concerning personal financial management shall not be granted a discharge. *Id.*

Debtors who meet the description contained in Section 109(h)(4) of the Bankruptcy Code are excepted from the requirements of Section 727(a)(11). Specifically, Section 109(h)(4) allows a bankruptcy court to waive the requirement of a financial management course for debtors who are incapacitated, disabled, or on active military duty in a military combat zone. Further, the statute provides that "incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that [she] is incapable of realizing and making rational decisions with respect to [her] financial responsibilities." 11 U.S.C. § 109(h)(4). In a decision analyzing the intent behind the exemption provision, Judge Patrick M. Flatley noted, "The purpose of the exemption is to avoid 'the absurd situation in which a debtor would be required to obtain a briefing even if suffering from Alzheimer's disease or some other disability that would make the briefing meaningless or even impossible.'" *In re Hall,* 347 B.R. 532, 534 (Bankr.N.D.W.Va.2006) (*citing 2 Collier on Bankruptcy* ¶ 109.09[4] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev.2006)). In exempting an 81 year old, hearing-impaired debtor, whose mobility was limited due to prostate cancer, Judge Flatley recast a test enunciated in *In re Tulper,* 345 B.R. 322, 326 (Bankr.D.Colo.2006), with respect to a "disability" exemption from the pre-petition, non-profit, budget and credit counseling agency briefing, as follows:

(1) the debtor is severely physically impaired;
(2) the debtor has made a reasonable effort, despite the impairment, to participate in the instructional course concerning personal financial management; and
(3) the debtor is unable, because of the impairment, to meaningfully participate in the required instructional course in an in person, telephone, or Internet briefing.

*Hall, supra,* 347 B.R. at 535.

The Court is cognizant of the legislative history underlying Section 727(a)(11) [par-

ticipation in a financial management instructional course is central to the purpose behind the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Report of the Committee on the Judiciary, House of Representatives, to Accompany S. 256, H.R.Rep. No. 109–31, Pt. 1, 109th Cong., 1st Sess. (2005), U.S.Code Cong. & Admin.News 2005, p. 88]. Yet, clearly the Debtor herein cannot participate in an instructional course on personal financial management and obviously such a course will not aid the Debtor in avoiding future financial distress. It seems palpably obvious that if a financial management course would be meaningless for an 81 year old, hearing-impaired debtor, suffering from prostate cancer, then such a course would likewise offer even less benefit to a deceased debtor. Accordingly, it is hereby **Ordered** that the Debtor is exempted from the financial course requirement under Section 727(a)(11) and the Clerk is directed to issue a Discharge in the ordinary course, if warranted, prior to closure of the case.